UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CONSTANCE STANLEY**,<br><br>   Plaintiff,<br><br>v.<br><br>**COVIDIEN SALES LLC, JOHN DOE, JANE DOE**, ETC.<br><br>   Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

Pursuant to Chapter 28, Section 1441(a) of the United States Code, Defendant Covidien Sales LLC ("Covidien") by and through its undersigned counsel, hereby files this notice of removal of the civil action titled *Constance Stanley v. Covidien Sales, LLC, John Doe, Jane Doe, etc.,* CASE NO. 20-C-00461-S5, from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of removal, Covidien

1

states as follows:

## I.  BACKGROUND

1.  On or about January 21, 2020, Constance Stanley (hereinafter "Plaintiff") filed a Complaint for Damages ("Complaint") against Covidien Sales LLC, and "John Doe, Jane Doe, etc." ("the Defendants") in the State Court of Gwinnett County, Georgia, (the "State Court Action").  A true and correct copy of all process and pleadings served are attached as **Exhibit A** and are incorporated herein by reference.  A copy of the State Court docket showing all activities to date is attached as **Exhibit B**.  The Complaint alleges that on or about February 3, 2018, Plaintiff sustained injuries while riding as a passenger in a tractor trailer when the tractor trailer rolled onto its left side.  Compl. ¶ 3-9.  Plaintiff now brings this action under a negligence theory against Defendants.  Compl. ¶ 11-16.

2.  Plaintiff served Covidien with the Summons and Complaint on January 22, 2020, thereby giving it notice of the State Court Action.

3.  Pursuant to 28 U.S.C. § 1332, and as discussed more fully below, complete diversity exists between the parties.  Based on the Plaintiff's allegations of severe and continuing injuries and medical treatment, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Notice of Removal is filed timely as Covidien files it within thirty (30) days of being served with the initial pleadings. *See* 28 U.S.C. § 1446(b).

5. Covidien removes the State Court Action to the United States District Court for the Northern District of Georgia, Atlanta Division because it is the district within which the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

## II.   REMOVAL IS PROPER

### A.   DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Complete diversity of citizenship exists between the parties.

8. Upon information and belief, Plaintiff is a citizen of Georgia. Compl. ¶ 2.

9. For federal diversity jurisdiction purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located, and an unincorporated association, such as a limited liability company, has the same citizenship as each of its members. *Flintlock Const. Servs., LLC v. Well-Come*

*Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

10. Covidien is a Delaware limited liability company with its principal place of business in Massachusetts. Thus, as a limited liability company, for diversity jurisdiction purposes, it has the citizenship of each of its members.

11. Covidien's sole member is Covidien LP, a Delaware limited partnership with its principal place of business in Massachusetts.

12. Covidien LP's members and their respective citizenship are as follows:

   a. The only general partner of Covidien LP is Covidien Holding Inc., which is a Delaware corporation with its principal place of business in Massachusetts.

   b. Covidien LP's limited partners and their respective citizenships are set forth below:

      i. Sherwood Medical Company is a Delaware corporation with its principal place of business in Massachusetts.

      ii. United States Surgical Corporation is a Delaware corporation with its principal place of business in Massachusetts.

      iii. Valleylab Holding Corporation is a Delaware corporation with its principal place of business in Colorado.

    iv. VNUS Medical Technologies II, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

    v. Life Design Systems Inc. is a Wisconsin corporation with its principal place of business in Massachusetts.

    vi. Covidien US Holdings, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

    vii. Newport Medical Instruments, Inc. is a Delaware corporation with its principal place of business in Minnesota.

    viii. Batts, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

    ix. Lazarus Effect, Inc. is a Delaware corporation with its principal place of business in Minnesota.

    x. MSCH LLC is a Delaware limited liability company with its principal place of business in Massachusetts.

        1. MSCH LLC's only member is Mallinckrodt US LLC, which is a Delaware limited liability company with its principal place of business in Massachusetts.

       2. Mallinckrodt US LLC's only member is United States Surgical Corporation, which is a Delaware corporation with its principal place of business in Massachusetts.

    xi. Nellcor Puritan Bennett LLC is a Delaware limited liability company with its principal place of business in Colorado.

       1. Nellcor Puritan Bennett LLC's only member is United States Surgical Corporation, which is a Delaware corporation with its principal place of business in Massachusetts.

13. Thus, Covidien is not a citizen of Georgia. As such, its citizenship is diverse from that of Plaintiff, and it is not a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

14. Plaintiff's perfunctory naming of John Doe and Jane Doe does not destroy complete diversity, regardless of whether they are likely to be citizens of Georgia. Fictitious "named" parties do not factor into a court's diversity jurisdiction analysis for purposes of removal under 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1441(b); *Walker v. CSX Transp. Inc.,* 650 F.3d 1392, 1396 (11th Cir. 2011) ("[T]hat the fictitious defendants were likely Georgia citizens did

not destroy complete diversity because § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction."); *McIntyre v. State Farm Fire & Cas. Co.*, No. 4:16-CV-0065-HLM, 2016 WL 8902593, at *3 (N.D. Ga. May 19, 2016) (noting that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.") (quoting 28 U.S.C. § 1441); *Buchanan v. Camden Cty. Sch. Dist.*, No. 2:16-CV-133, 2017 WL 4391712, at *2 (S.D. Ga. Sept. 29, 2017) ("Regarding the subject matter jurisdiction of cases that have been removed to federal court, the removal statute is clear: fictitious defendants are disregarded."). As such, the citizenship of John Doe and Jane Doe cannot defeat complete diversity.

15. Because Plaintiff is allegedly a citizen of Georgia, and Covidien is not a citizen of Georgia, complete diversity of citizenship exists between the real parties in interest. *See* 28 U.S.C. § 1332(a)(1).

**B.   THE AMOUNT IN CONTROVERY IS GREATER THAN $75,000.**

16. The amount in controversy in this action, exclusive of interests and costs, exceeds $75,000.

17. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the "'short and plain statement' standard from Rule 8(a)" of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81-82 (2014). In borrowing Rule 8(a)'s general pleading requirement, Congress intended "to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *See id* (citing H.R. Rep. No. 100–889, p. 71 (1988).

18. "When a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount in controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

19. Plaintiff alleges that she "sustained multiple injuries to her body, requiring extensive and subsequent medical treatment." Compl. ¶ 9; *see also* Compl. ¶ 14 (claiming that Plaintiff has incurred medical expenses and will incur future medical expenses for her "significant bodily injuries").

20. Where, as here, Plaintiff alleges serious bodily injuries and ongoing conditions, courts have held that the amount in controversy is satisfied. *See*, e.g. *Riner v. Retained Subsidiary One, LLC*, No. 7:14-CV-176 HL, 2015 WL 461475, at *4 (M.D. Ga. Feb. 3, 2015) (holding that when a "plaintiff will require long-term, costly medical expenses, including future surgeries, to treat…ongoing conditions and residual complaints of pain, the amount in controversy exceeds $75,000.00 by a preponderance of the evidence"). In light of the significant injuries with ongoing medical treatment Plaintiff alleges, the Court should apply its "judicial experience and common sense" to conclude the amount in controversy is greater than $75,000.00. *Roe,* 613 F.3d at 1064.

### C.  **THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED.**

21. This Court has original jurisdiction over this action because complete diversity of citizenship exists, and the amount in controversy is satisfied.

22. The only defendants in the case other than Covidien are fictitious defendants who need not be considered for this Notice of Removal.

23. The allegations made in this Notice of Removal are true and correct and within the jurisdiction of this Court.

24. If any question arises as to the propriety of the removal of this action,

Covidien respectfully requests the opportunity to present a brief, oral argument in support of its position that this action is removable.

25. By removing this action, Covidien does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

26. Covidien filed or caused to be filed a copy of the Notice of Filing Notice of Removal to Federal Court with the State Court of Gwinnett County, Georgia, and served such Notice upon Plaintiff. A copy of this Notice of Removal is being served upon Plaintiff.

WHEREFORE, Covidien respectfully removes the action from the State Court of Gwinnett County, in the State of Georgia, bearing case number 20-C-00461-S5, to this Court.

Respectfully submitted.

This 18th day of February, 2020.

*/s/ Caroline M. Gieser*

Colin K. Kelly
GA Bar #781072
ckelly@shb.com
Caroline M. Gieser
GA Bar #167916

cgieser@shb.com
**SHOOK, HARDY & BACON LLP**
1230 Peachtree St., Suite 1200
Atlanta, GA 30309
Tel: (470) 867-6000
Fax: (470) 867-6001

*Attorneys for Defendant Covidien Sales LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this 18th day of February, 2020 served all parties of record with the foregoing Notice of Removal of Defendant Covidien Sales LLC by U.S. Mail and provided a courtesy copy via electronic mail:

> William T. Joyner
> Haug Law Group, LLC
> 8237 Dunwoody Place, Bldg. 18
> Atlanta, Georgia 30350
>
> *Counsel for Plaintiff Constance Stanley*

/s/ Caroline M. Gieser

Caroline M. Gieser
GA Bar #167916
*Attorneys for Defendant Covidien Sales LLC*