EXHIBIT A

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-00461-S5
1/21/2020 10:35 AM

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of GWINNETT County

*signature* CLERK OF STATE COURT

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number 20-C-00461-S5 |

**Plaintiff(s)**
Stanley, Constance

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Covidien Sales, LLC
Doe, John
Doe, Jane
ABC Co. and XYZ Co.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** William T. Joyner   **Bar Number** 222755   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-00461-S5**
1/21/2020 10:35 AM

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

CLERK OF STATE COURT

**Constance Stanley**

_____

_____

_____

PLAINTIFF

VS.

**Covidien Sales, LLC**

c/o Corporation Service Company, Reg. Agt.

40 Technology Pkwy S, #300, Norcross, GA 30092

DEFENDANT

CIVIL ACTION
NUMBER: **20-C-00461-S5**_____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

William T. "Billy" Joyner, Esq.
Haug Law Group, LLC
8237 Dunwoody Place, Building 18
Atlanta, GA 30350

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**21ST**____ day of _____**JANUARY**_____, 20__**20**__.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
         Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-00461-S5**
**1/21/2020 10:35 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| CONSTANCE STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: **20-C-00461-S5** |
| COVIDIEN SALES, LLC, JOHN DOE, | ) | |
| JANE DOE, ETC. | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

COMES NOW, CONSTANCE STANLEY (Plaintiff), by and through the undersigned counsel and hereby files this Complaint against JOHN DOE, JANE DOE and COVIDIEN SALES, LLC (Defendants) and shows this Honorable Court as following:

#### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiff's Request for Admission to Defendants.

#### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff Constance Stanley is an individual and resident of Fulton County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Covidien Sales, LLC because Defendant Covidien is registered to do business in the state of Georgia.

4.

Venue is proper as to Covidien, because Covidien's registered agent is located in Gwinnett County, Georgia, and may be served with a copy of this Complaint and Summons at 40 Technology Parkway South, #300, Norcross, GA 30092.

## FACTS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

5.

On or about February 3, 2018, the date of her injuries, Plaintiff was a passenger of a tractor trailer.

6.

On or about February 3, 2018, Defendants John Doe and Jane Doe, employees of Defendant Covidien, loaded Plaintiff's tractor trailer with medical supplies.

7.

On the same day, the Plaintiff was traveling on Georgia Highway 47.

8.

As the driver of the tractor trailer was making a turn onto Georgia Highway 43 Spur, the tractor trailer rolled onto its left side crossing all lanes of the Georgia Highway 43.

2

9.

The accident described in Paragraph 8 caused Plaintiff to sustain multiple injuries to her body, requiring extensive and subsequent medical treatment.

10.

At the time of the collision described in Paragraph 10, Defendants Jane Doe and Defendant John Does were working as an employee or agent of Defendant Covidien.

## COUNT I – NEGLIGENCE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

11.

The tractor trailer accident, described in Paragraphs 5-8, above constitutes the basis for this cause of action. Plaintiff's injuries and damages, as set forth below were proximately caused by the negligent and careless conduct of Defendant in one or more of the following respects causing the aforementioned tractor trailer accident.

12.

Defendants John Doe and Jane Doe owed Plaintiff a duty to use reasonable care when loading the items into the tractor trailer.

13.

Defendants John Doe and Jane Doe breached the duty owed to Plaintiff by improperly loading the tractor trailer and causing the collision described in Paragraphs 5-8.

14.

As a direct and proximate result of Defendant John Doe and Jane Doe's negligence, Plaintiff sustained significant bodily injuries. Plaintiff has incurred and will incur future medical

3

expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

15.

Plaintiff is entitled to recover of Defendant John Doe and Jane Doe such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

16.

Plaintiff was without fault in causing the aforementioned incident.

**COUNT II– RESPONDEAT SUPERIOR**

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

17.

On the date of the collision, Defendant Covidien employed or otherwise had an agency relationship with Defendants John Doe and Jane Doe.

18.

The negligent acts of Defendant John Doe and Jane Doe took place during the course and scope of their employment and/or agency relationship with Defendant Covidien.

19.

Pursuant to O.C.G.A. § 51-2-2 and/or the doctrine of respondeat superior, Defendant Covidien is legally and vicariously liable for any negligent acts committed by Defendant John Doe and Jane Doe, acting within the scope of employment or agency with Covidien, which proximately caused or contributed to the injuries suffered by the Plaintiff.

4

**WHEREFORE**, the Plaintiff prays:

1. That Defendants are served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendants for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This the 21st day of January, 2020.

HAUG LAW GROUP, LLC

/s/ *William T. Joyner*
William T. "Billy" Joyner
Georgia Bar No.: 222755
Attorney for Plaintiff

8237 Dunwoody Place, Bldg. 18
Atlanta, Georgia 30350
Telephone: 404-594-7884
Facsimile: 678-528-2999
Email: Wjoyner@hauglawgroup.com

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-00461-S5**
**1/21/2020 10:35 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| CONSTANCE STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: **20-C-00461-S5** |
| COVIDIEN SALES, LLC, JOHN DOE, | ) | |
| JANE DOE, ETC. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT COVIDIEN

Plaintiff hereby request that defendant answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. §9-11-33. In responding, defendant is requested to furnish such information as is available to defendant. To the extent any information called for is objected to and upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege, including a "privilege log."

Plaintiff further request that defendant produce the following documents pursuant to O.C.G.A. §9-11-34 within forty-five (45) days from the date of service hereof at Haug Law Group, 8237 Dunwoody Place, Atlanta, GA 30350, or at such other time, date, and location agreed to by counsel for defendant(s) and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

Pursuant to O.C.G.A. §9-11-36, you are hereby requested to admit or deny for purposes of this lawsuit the following allegations of fact or of the application of law to fact. Pursuant to O.C.G.A. §9-11-37 (c) should you fail to admit the truth of any matter and therefore force the Plaintiff to expend attorney time and expenses in proving the truth thereof, Plaintiff will apply to

the court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## I.   DEFINITION OF TERMS

When used in these discovery requests, the following terms shall have the following meanings:

"You" and/or "your" shall refer to COVIDIEN SALES, LLC.

"Plaintiff" shall refer to CONSTANCE STANLEY.

"Defendant" shall refer to COVIDIEN SALES, LLC.

"The collision" shall mean the motor vehicle collision or incident referred in the Complaint, which occurred on or about February 3, 2018.

"Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof (including relationship to other events).

"Documents" are, without being limited to the generality of its meaning, all written materials, drawings, graphs, charts, photographs, sound recordings, videotapes, computer animations, computer discs, computer tapes, correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, agreements, understandings, papers, drafts, indexes, data sheets, data processing cards, tapes, any data compilation from which information can be obtained, and any other physical object.  These terms should be construed to mean the originals; however, if the originals are not available, true and correct copies of the originals.

## II.   PLAINTIFFS' FIRST REQUEST FOR ADMISSION TO DEFENDANT COVIDIEN

Pursuant to O.C.G.A. §9-11-36, you are hereby requested to admit or deny for purposes of this lawsuit the following allegations of fact or of the application of law to fact.  Pursuant to O.C.G.A. §9-11-37 (c) should you fail to admit the truth of any matter and therefore force the Plaintiff to expend attorney time and expenses in proving the truth thereof, Plaintiffs will apply to the court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees:

1.

You have been properly identified in the Complaint.

2.

You were properly served with the Summons and Complaint for this matter.

3.

Gwinnett County is the proper venue for this matter.

4.

This Court has jurisdiction over you.

5.

Plaintiff was not negligent in any way related to the accident.

6.

At the time of the accident, Plaintiff exercised due care for her own safety.

7.

Plaintiff incurred medical expenses as a result of the accident leading to this lawsuit.

8.

Plaintiff's treatment following the accident was reasonable.

3

9.

On February 3, 2018, you employed or otherwise had agency relationship with John Doe and Jane Doe who loaded Plaintiff's tractor trailer.

10.

Your employees caused the collision involving Plaintiff by improperly loading the trailer.

11.

When loading the tractor trailer Plaintiff was a passenger in, your employees owed Plaintiff a duty to exercise proper, ordinary, and reasonable care.

12.

At the time of loading the trailer, your employees breached the duty of care owed to the Plaintiff.

13.

At the time of the collision, your employees negligently loaded the truck such that they caused an accident involving the Plaintiff's person.

14.

As a result of the accident Plaintiff was injured.

15.

Your employees were authorized to load the trailer involved in this collision and loading the trailer was in the scope of employment.

16.

Covidien Sales, LLC, is the proper name of the entity that owns New Bern Transport Corporation.

4

III.   **PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT**

1.

State your company's safety management controls as they relate to the following:

(a)   Employee loaders standard violations.

(b)   Levels of financial responsibility.

(c)   Use of unqualified loaders.

(d)   Improper loading of materials/goods onto trucks/trailers.

(e)   Unsafe trucks/trailers operating on highways.

(f)   Failure to maintain accident registers and copies of accident reports.

(g)   The use of fatigued employee loaders.

(h)   Inadequate inspection, repair, and maintenance of loaded trucks/trailers.

(i)   Improper transportation of materials/goods.

2.

Do you know of any photographs, drawings, or videotapes of the loading dock, or of any people or vehicles involved in loading the trailer in this matter, or of any object or matter which you claim to be relevant to the occurrence complained of?  If so, describe the subject matter depicted, state the date the picture was taken or the drawing was made, and state the name, current address and telephone number of both the person who took the photograph or made the drawing and the person now having custody and control thereof (specifying which).

3.

Identify (by stating name, address, and telephone number) of each person who:

(a)   was an eyewitness to loading Plaintiff's tractor trailer;

(b)     has knowledge of facts or a circumstance concerning loading the tractor trailer, the accident, the Plaintiff' alleged injuries, and alleged damages;

(c)     you expect to call as an expert witness at trial; and for each such expert witness state: the subject matter to which he or she is expected to testify; the substance of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion;

(d)     you have retained or specially employed in anticipation of litigation or preparation for trial and who you do not expect to call as a witness at trial; and

(e)     has investigated any aspect of loaded trailer or the accident or Plaintiff's claims.

4.

State the date and the nature of any and all lawsuits related to loading trucks/trailers against your employees within the last seven (7) years. For each such citation, state the disposition of such citation, the court in which such citation was adjudicated and the police agency that issued such citation.

5.

Please state all facts upon which you base any affirmative defense you raise or anticipate raising in this lawsuit. Further, identify all persons with knowledge or information related to any such affirmative defense and identify any documents that you contend support your affirmative defense.

6.

Do you contend that Plaintiffs were guilty of any act(s) or failure(s) to act that played any part in causing the injury, damage, or collision complained of? If so, state each specific act (or failure to act) by Plaintiff that you claim supports your contention.

6

7.

Describe in detail any conversations your company has had with the Plaintiffs following the accident.

8.

State whether you or anyone acting on your company's behalf has ever had under surveillance or obtained or taken any surveillance film(s) of Plaintiffs since the date of the collision to the time of trial. If so, state the date and time of each surveillance, and the name, current address and telephone number of the person doing the surveillance. For each such film, state the date on which the film was taken, the subject matter and activities depicted in the film, the total number of hours the person kept under surveillance, and the name, current address and telephone number of the person taking the film and the person having custody thereof (specifying which).

9.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person or company is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action.   If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits of liability coverage, and the name and current address of the person(s) having possession thereof.  This request specifically includes all policies of insurance issued to you as the named insured for loading trucks/trailers as the one forming the basis of the Plaintiffs' complaint.

10.

As to each person who has given a statement concerning any aspect of the accident referenced in the Complaint, provide his/her name, the date of his/her statement was taken, by whom his/her statement was taken, and the current custodian of said statement.

11.

Please state the number of hours that Defendant John Doe and Jane Doe, the loaders for Plaintiff's trailer, had been working consecutively at the time of loading the trailer.

12.

Please describe your company's relationship with Defendants John Doe and Jane Doe who loaded the trucks at Covidien Sales, LLC.

IV.    **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

1.

Produce the names of Defendants John Doe and/or Jane Doe, all of the individuals who loaded the trailer forming the basis of Plaintiff's claims.

2.

Produce all employment records in your possession for such Defendants.

3.

Please produce any and all documents that were used or relied upon in responding to any of the foregoing Interrogatories.

4.

Please produce any and all statements given by any party to this action to some person or entity other than the party's attorney or insurer.

8

5.

Please produce the statement or statements of any witnesses other than the parties to this action.

6.

Please produce all photographs, slides, films, or motion pictures of any people, places, or objects involved in the collision.

7.

Please produce any and all policies of insurance identified in response to Interrogatories.

8.

Please produce any and all documents or tangible items in your possession, custody, or control that are relevant to the subject matter of Plaintiffs' Complaint.

9.

Please produce any and all reports of any expert witnesses you anticipate will testify at trial.

This the 21st day of January, 2020.

HAUG LAW GROUP, LLC

/s/ William T. Joyner
William T. "Billy" Joyner
Georgia Bar No.: 222755
Attorney for Plaintiff

8237 Dunwoody Place, Bldg. 18
Atlanta, Georgia 30350
Telephone: 404-594-7884
Facsimile: 678-528-2999
Email: Wjoyner@hauglawgroup.com

9

## AFFIDAVIT OF SERVICE

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-00461-S5**

State Court

1/23/2020 2:40 PM

*Arlene J. Olinger*
CLERK OF STATE COURT

**State of Georgia**                    **County of Gwinnett**

Case Number: 20-C-00461-S5

Plaintiff:
Constance Stanley
vs
Defendant
Covidien Sales LLC John Doe, Jane Doe Etc.

For:
William Joyner

Received by Perma Investigations on the 21ˢᵗ day of January 2020 to be served on **Covidien Sales LLC c/o Corporation Service Company RA 40 Technology Parkway Suite #300 Norcross, GA 30092.**

**I, Marc Perlson, being duly sworn, depose and say, that on the 22ⁿᵈ of January, 2020 at 11:35 AM, I**

Served **Covidien Sales LLC c/o Corporation Service Company, RA** by delivering a true copy of the **Summons, Complaint, Plaintiff's First Continuing Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Covidien** to: Corporation Service Company as **Registered Agent BY LEAVING THE SAME WITH** Barry Smith as **Process Specialist** at the address of **40 Technology Parkway S Suite #300 Norcross, GA 30092.**

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 23ʳᵈ day of
January 2020 by the affiant who is personally known to me.

Marc Perlson
Process Server

NOTARY PUBLIC

Perma Investigations
PO Box 1742
Roswell, GA 30077